Wilde J.
delivered the opinion of the Court. [After stating the plea to the first bill.] These facts are satisfactorily proved by the evidence. But the plaintiffs’ counsel contend, that these facts are not sufficient in law to foreclose the mortgage. It is said that the entry was not in pursuance of the statute, because no express declaration was made, at the time of the entry, that it was made for the purpose of foreclosing the mortgage, or on account of condition broken. But the statute does not require that any express declaration should be made, provided it appears that the entry was for condition broken ; and this appears by the testimony of Wild; who also testifies that he afterwards gave notice to Skinner, that the entry was made for that purpose, and also that the defendant declared, at the time, that he entered for condition broken. There was therefore a declaration sufficiently formal, and express notice to Skinner.
It is also objected, that Wild was not duly authorized tp deliver possession. But a special power in writing is not necessary. A request from Skinnei was sufficient. Besides, an entry by the defendant, if made peaceably, and notice to Skinner, would have been sufficient, although Wild had no authority from Skinner.
*487 Nor was it necessary that the defendant should have his deed with him when he entered. All the statute requires is, that the entry for condition broken should be lawful, and that the possession should be continued for the space of three years ; all which is sufficiently proved.
In regard to the other case, as no actual entry on the mortgaged premises was made, when Wild delivered possession to the defendant, the evidence relating to this transaction is material only as proof of the intention of the parties, and as indicating the purpose for which the defendant afterwards entered. It appears that he soon after made an actual entry, and that the parties understood that he had possession on account of the non-performance of the condition. This possession was not so notorious as to dispense with notice to the mortgager ; but as it appears clearly that the mortgagor had notice, and consented to the defendant’s retaining possession, and that he did in fact have all the possession which the situation of the estate would allow, for the space of more than three years, we think the evidence sufficient to show a foreclosure of the mortgage.[1]

Both bills dismissed.

 The law as settled in this decision has been altered by the legislature in the Revised Statutes. See the provisions on the subject of entry by a mort gagee without judgment, m Revised Stat. c. 107, § S.